UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-479-D(4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | 18 U.S.C. § 3261(a) |
| | ) | 18 U.S.C. § 2251(a) |
| EMILIO R. MORAN | ) | 18 U.S.C. § 2243(a) |
| | ) | 18 U.S.C. § 2422(b) |
| | ) | 18 U.S.C. § 1470 |
| | ) | 18 U.S.C. § 1512(b) |
| | ) | 18 U.S.C. § 1519 |

The Grand Jury charges that:

GENERAL ALLEGATIONS

1. The conduct alleged in this Indictment occurred outside the jurisdiction of any particular state or district and within the venue of the United States District Court for the Eastern District of North Carolina, as provided by 18 U.S.C. § 3238. The last known residence of the Defendant, EMILIO R. MORAN, was in Jacksonville, North Carolina, within the Eastern District of North Carolina.

2. At all times material to this indictment, from on or about February 5, 2018 through on or about October 17, 2018, the Defendant, EMILIO R. MORAN, a citizen of the United States, was employed by the Armed Forces outside the United States, as defined in 18 U.S.C. § 3267(1), and was accompanying the Armed Forces outside the United States, as defined in 18 U.S.C. § 3267(2), that is:

a. The Defendant was a civilian employee of the VA Transition Assistance Program located on Kadena Air Base, Okinawa, Japan, a federal agency that supports the mission of the Department of Defense overseas,

b. The Defendant was present and residing outside the United States, in Japan, in connection with such employment,

c. The Defendant was a dependent of a civilian employee of the Department of Defense located on Kadena Air Base, Okinawa, Japan,

d. The Defendant was residing with such civilian employee outside the United States,

e. The Defendant is not a national of or ordinarily a resident in Japan; and

f. The conduct described in Counts One through Eight [~~Six~~] of this Indictment occurred at or near Kadena Air Base, located on the island of Okinawa, Japan.

3. The conduct described herein constitutes an offense which would be punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

## Count One
(Production of Child Pornography)
18 U.S.C. §2251(a) and 18 U.S.C. § 3261(a)

4. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

5.     From on or about February 5, 2018 through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and such visual depiction was produced using materials that have been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2251(a) and (e), and Title 18 United States Code, Section 3261(a).

## Count Two
(Sexual Abuse of a Minor)
18 U.S.C. § 2243(a) and 18 U.S.C. §3261(a)

6.     The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

7.     From on or about February 19, 2018, through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did knowingly engage in a sexual act with another person, MINOR A, whose identity is known to the Grand Jury, who had attained the age of 12 years but had not attained the age of 16 years, and was at least four years younger than the defendant, in violation of Title 18, United States Code, Section 2243(a), and Title 18 United States Code, Section 3261(a).

## Count Three
(Enticement of a Minor)
18 U.S.C. § 2422(b) and 18 U.S.C. §3261(a)

8. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

9. From on or about February 5, 2018, through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did attempt to and did use any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce any individual who had not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, to include Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2243(a), in violation of Title 18, United States Code, Section 2422(b), and Title 18 United States Code, Section 3261(a).

## Count Four
(Transfer of Obscene Material to a Minor)
18 U.S.C. § 1470 and 18 U.S.C. §3261(a)

10. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

11. On or about August 23, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did, by means of interstate commerce, knowingly attempt to transfer, and transfer, obscene matter to another individual who had not attained the age of 16 years, knowing that the

other individual had not attained the age of 16 years in violation of Title 18, United States Code, Section 1470, and Title 18 United States Code, Section 3261(a).

## Count Five
### (Tampering With a Witness)
### 18 U.S.C. § 1512(b)(2)(A) and 18 U.S.C. §3261(a)

12. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

13. From on or about August 30, 2018 through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did, and attempted to, knowingly use intimidation, threaten, and corruptly persuade and engage in misleading conduct toward another person, MINOR A, whose identity is known to the Grand Jury, with intent to cause or induce MINOR A to withhold testimony, or withhold a record, document, or other object from an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(A), and Title 18 United States Code, Section 3261(a).

## Count Six
### (Tampering With a Witness)
### 18 U.S.C. § 1512(b)(2)(B) and 18 U.S.C. §3261(a)

14. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

15. From on or about August 30, 2018 through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did, and attempted to, knowingly use intimidation, threaten, and corruptly persuade and engage in misleading conduct toward another

person, MINOR A, whose identity is known to the Grand Jury, with intent to cause or induce MINOR A to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding, in violation of Title 18, United States Code, Section 1512(b)(2)(B), and Title 18 United States Code, Section 3261(a).

## Count Seven
(Tampering With a Witness)
18 U.S.C. § 1512(b)(3) and 18 U.S.C. §3261(a)

16. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

17. From on or about August 30, 2018 through on or about October 17, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did, and attempted to, knowingly use intimidation, threaten, and corruptly persuade and engage in misleading conduct toward another person, MINOR A, whose identity is known to the Grand Jury, with intent to cause or induce MINOR A to hinder, delay, and prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission and possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512(b)(3), and Title 18 United States Code, Section 3261(a).

## Count Eight
(Destruction, Alteration, or Falsification of records in Federal Investigations)
18 U.S.C. § 1519 and 18 U.S.C. §3261(a))

18. The general allegations set forth in paragraphs 1 through 3 of this Indictment are re-alleged and expressly incorporated herein as if set out in full.

19. On or about September 5, 2018, the defendant EMILIO R. MORAN, within the special maritime and territorial jurisdiction of the United States, did knowingly alter, destroy, mutilate, and conceal any record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department and agency of the United States, and in relation to and contemplation of any such matter, in violation of Title 18, United States Code, Section 1519, and Title 18 United States Code, Section 3261(a).

[The rest of this page intentionally left blank.]

## FORFEITURE NOTICE

The defendant is given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Defendant EMILIO MORAN, upon conviction of one or more of the violations alleged in this Indictment, as part of the sentencing of the Defendant pursuant to Fed.R.Crim.P. 32.2, shall forfeit to the United States:

1. Any and all matter which contains child pornography or any visual depiction described in Title 18, United States Code, Sections 2251, 2252, or 2252A produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 et seq.;

2. Any and all property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 et seq., and any property traceable to such property;

3. Any and all property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 et seq.; and

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL.
REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

12-4-19
DATE

ROBERT J. HIGDON, JR.
United States Attorney

BY: JOHN A. PARRIS
Assistant United States Attorney

BY: CHARLES D. SCHMITZ
Trial Attorney
United States Department of Justice
Child Exploitation and Obscenity Section